UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:04CV-182-EHJ

BARBARA LAPOINT                                                                               PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                                       DEFENDANT

### MEMORANDUM OPINION

This case is before the Court on review of plaintiff Barbara LaPoint's objections to Magistrate Judge David King's Report and Recommendation that her application for social security disability benefits be denied. After conducting a de novo review of Ms. LaPoint's specific written objections, the Court adopts the magistrate's recommendation and the Commissioner's determination is affirmed.

Ms. LaPoint filed an application for disability insurance benefits on September 25, 2001 (Tr. 49) alleging that she became disabled on February 27, 2001 as a result of cervical pain with radiation into the arms, back pain, knee pain, headaches and depression (Tr. 67, 19). After a hearing on April 24, 2003, Administrative Law Judge Gary Flenner ("ALJ") found that Ms. LaPoint suffers from cervical degenerative disc disease and is status post cervical fusion, a condition which is severe, but does not meet or medically equal a listed impairment (Tr. 20). The ALJ found Ms. LaPoint's anxiety and depression disorders to be non-severe impairments which impart only mild restrictions of daily living, difficulties maintaining social functioning, and difficulties in maintaining concentration, persistence, or pace (Tr. 21). The claimant was found to retain the residual functional capacity to perform a range of light work activity which would allow her to return to her previous work as a tanning salon operator (Tr. 27). Her previous work as a hairdresser would be precluded

because she cannot frequently use her upper extremities for reaching and manipulating (Tr. 27). Ms. LaPoint appealed the adverse decision to the Appeals Council, which found no basis for review. Appeal to this Court followed.

This Court's review of the Commissioner's findings is limited to determining whether they are supported by substantial evidence, 42 U.S.C. §405(g); <u>Elam ex rel. Golay v. Commissioner</u>, 348 F.3d 124, 125 (6th Cir. 2003) and whether the correct legal standards were applied, <u>Landsaw v. Secretary of HHS</u>, 803 F.2d 211, 213 (6th Cir. 1986). Where the Commissioner's decision is supported by substantial evidence, the reviewing court must affirm, <u>Studaway v. Secretary of HHS</u>, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, <u>Kirk v. Secretary of HHS</u>, 667 F.2d 524 (6th Cir. 1981); <u>Jones v. Secretary</u>, 945 F.2d 1365 (6th Cir. 1991).

The substantiality of the evidence is to be determined based upon a review of the record taken as a whole, not simply some evidence, but rather the entirety of the record to include those portions that detract from its weight, <u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984). So long as the decision of the Commissioner is supported by substantial evidence, it must be upheld by the court even if the record might support a contrary conclusion, <u>Smith v. Secretary of HHS</u>, 893 F.2d 106, 108 (6th Cir. 1989). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the courts, <u>Mullen v. Bowen</u>, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). It is within the parameters of the substantial evidence rule that this Court addresses and rejects each of plaintiff's objections, which are summarized as follows: 1) the ALJ failed to follow applicable legal standards in weighing Dr. Rayes' medical opinions; 2) isolated remarks relied upon by the ALJ to question claimant's

credibility are not inconsistent with Dr. Rayes' medical opinions; nor do they constitute substantial evidence upon which to deny the claim.

At the heart of plaintiff's first objection is the ALJ's application of what is commonly called the "treating physician rule." She contends that her treating physician, Dr. Rayes' opinions should have been given controlling weight under this rule, which applies when a "treating source" renders a "medical opinion" that is both well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, Social Security Ruling 96-2p; 20 C.F.R. §404.1527(d)(2); Bogle v. Sullivan, 998 F.2d 342, 347-348 (6th Cir. 1993). Notably, all of the above factors must be satisfied in order for the treating source's opinion to be entitled to controlling weight, Social Security Ruling 96-2p.

Plaintiff contends that it was error for the ALJ to reject the opinions of Dr. Rayes, as she is a treating physician, her medical assessment was supported by objective medical findings and was more "current" than the opinions of the state agency physician relied upon by the ALJ, her assessment is not inconsistent with other substantial evidence in the record, and she is a specialist. The magistrate thoroughly analyzed these issues, and concluded that the ALJ properly applied both the third and fourth prongs of the treating physician rule.

As to the third prong, the ALJ articulated several reasons that the limiting opinions of Dr. Rayes were not "well-supported by medically acceptable clinical and laboratory diagnostic techniques," stating:

> Although Dr. Rayes has limited the claimant to less than sedentary work activity, due to her alleged inability to sit, stand and/or walk for a full eight-hour workday, she has not supported that conclusion with objective medical findings. Her conclusion is inconsistent with the other substantial evidence of record. The record shows the claimant did get good surgical results with x-ray evidence of a solid fusion. Neither Dr. McCord or Dr. McDonald have opined that she is unable to perform work

> activity, or assigned any work-related limitations.  In fact, the etiology of her continued complaints of pain, after extensive diagnostic testing, is unclear at best. Without giving an adequate medical basis to explain her findings of limitation, Dr. Rayes' opinion cannot be given controlling weight.  This is especially true when the credibility of the claimant's subjective complaints is doubtful and she is motivated by opportunities for secondary gain. (Tr. 24)

Complaints of pain are subjective in nature, and they necessarily require significant consideration of the credibility of the claimant, <u>Villareal v. Secretary</u>, 818 F.2d 461, 463 (6th Cir. 1987).  The ALJ's rejection of Dr. Rayes' disabling opinions was justified, given that they appear to be based in large part upon Ms. LaPoint's subjective complaints.  This Court will not disturb the properly supported determinations of the ALJ in this case.

With regard to the fourth prong of the treating physician rule, review of the ALJ's Decision reveals that the ALJ's consideration of nonmedical evidence was a deciding factor in his rejection of Dr. Rayes' medical opinions for those of Dr. Stubbs.  Specifically, the ALJ found as follows:

> In concluding the claimant is able to perform a range of light exertional work activity, the undersigned has considered the claimant's allegations of inability to work because of subjective symptoms. However, the claimant's activities of daily living have not been significantly limited. She has a much more active and varied lifestyle than she wants to admit. She lives with, and cares for her invalid father-in-law, father, who, by her own admission, is very difficult, and her two teenage children. She continues to go to the tanning bed on a regular basis. She enjoys going to the riverboat casino for gambling. In light of the foregoing, the claimant's testimony is found to be out of proportion with the clinical and objective findings and otherwise unsupported by her positive response to surgery, and medications. (Tr. 24-25)

> The undersigned is persuaded that a reasonable nexus exists between the objective medical evidence and the types of symptoms alleged by the claimant. However, to the extent that the claimant alleges impairments so severe as to preclude all sustained work activity, the undersigned does not find her fully credible in light of the objective medical evidence, the claimant's own description of her level of daily activity since her alleged disability onset date, and the record when considered as a whole. While the record shows that the claimant has significant limitations as a result of her impairments, they are not of the nature that they preclude her from performing all work-related activities. In fact, the record shows that the claimant

> continued to work at the tanning salon after she stated she became disabled, and by her own admission, she sold her tanning bed business, primarily to simplify her life, and not because of her medical condition. (Tr. 25)

Social Security Ruling 96-2p reveals that an ALJ's reliance upon non-medical evidence at the fourth prong of the treating physician test is proper. SSR 96-2p defines "not inconsistent" as the Commissioner's term used to indicate that a well-supported treating source medical opinion need not be supported directly by all of the other evidence as long as there is no other substantial evidence in the case record that contradicts or conflicts with the opinion (SSR 96-2p, page 3, paragraph 2). The Ruling further explains as follows:

> Depending upon the facts of a given case, any kind of medical or nonmedical evidence can potentially satisfy the substantial evidence test. For example, a treating source's medical opinion on what an individual can still do despite his or her impairment(s) will not be entitled to controlling weight if substantial, nonmedical evidence shows that the individual's actual activities are greater than those provided in the treating source's opinion. (SSR 96-2p, page 4)

In this case, the ALJ found several nonmedical factors to be substantial, in particular Ms. LaPoint's reported activities and her discontinuation of work at the tanning salon so as to "simplify her life." This evidence is substantial, in that it is inconsistent with Dr. Rayes' disabling opinions in so far as they purport to preclude Ms. LaPoint from working because of her medical condition. Ms. LaPoint previously admitted to Dr. McCord that she was no longer working at her tanning salon because she wanted to simplify her life. Social Security Ruling 96-2p reminds us that substantial evidence is "more than a scintilla . . . . It is intended to indicate that the evidence that is inconsistent with the opinion need not prove by a preponderance that the opinion is wrong. It need only be such relevant evidence as a reasonable mind would accept as adequate to support a conclusion that is contrary to the conclusion expressed in the medical opinion." Additionally, as noted by the magistrate, there is no readily apparent link between the sitting limitation found by Dr. Rayes and the medical records

relied upon for that limitation. The Court declines to disturb the findings of the ALJ, as they are supported by substantial evidence in the record, and comport with applicable law.

Even if the ALJ declined to give Dr. Rayes' opinions controlling weight, he was required to determine how much weight the opinions should be accorded, and explain his reasoning, 20 C.F.R. §404.1527(d)(2); Social Security Ruling 96-2p. It is true that the ALJ failed to enumerate the factors set forth in 20 C.F.R. §404.1527(d) in his Decision; however, the Decision addresses factors of supportability, consistency, and analysis of the types of treatment provided in weighing Dr. Rayes' disabling opinions. As noted by the magistrate, the ALJ's omission of a discussion of these factors in the Decision is not fatal. This Court is allowed to look at any evidence contained in the administrative record to determine whether the ALJ's ultimate findings are supported, regardless of whether that evidence was referenced within the ALJ's decision, Walker v. Secretary, 884 F.2d 241, 245 (6th Cir. 1989). In fact, it is harmless error for the ALJ decision to omit discussion of pertinent evidence if the Court can determine, in light of the record as a whole, that the ALJ's decision is based on substantial evidence, Heston v. Commissioner, 245 F.3d 538, 535-536 (6th Cir. 2001). In light of the foregoing analysis, the Court finds that the Decision of the ALJ is adequately supported by substantial evidence.

Plaintiff's second argument is related to her first; she contends that the isolated remarks relied upon by the ALJ to question claimant's credibility are not inconsistent with Dr. Rayes' medical opinions, nor do they constitute substantial evidence upon which to deny the claim. As is addressed herein-above, this Court finds that the remarks relied upon by the ALJ are inconsistent with Dr. Rayes' disabling medical opinions, and they constitute substantial evidence upon which the ALJ could properly deny the claim. This Court is bound to give great deference to the credibility

determinations of the ALJ, as the ALJ has the opportunity to observe the demeanor of the claimant, Gaffney v. Bowen, 825 F.2d 98, 101 (6th Cir. 1987). Discounting credibility of a claimant is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence, Walters v. Commissioner, 127 F.3d 525, 532 (6th Cir. 1997). The ALJ was in the unique position of observing Ms. LaPoint's testimony and demeanor at the hearing. He outlined numerous reasons including secondary gain and discrepancies between her reported activities and disabling pain. As the ALJ properly articulated his reasons for discounting Ms. LaPoint's credibility, this Court declines to disturb those findings.

Though this Court may very well have analyzed the evidence differently to reach a contrary conclusion, it is bound to uphold the Commissioner in this case, Crum v. Sullivan, 921 F.2d 642, 644 (6th Cir. 1990). The Report and Recommendation of the Magistrate are adopted, and the decision of the Commissioner is upheld. A Judgment in conformity with this Memorandum Opinion has this day been entered.